UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROGER AKERS )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>GLOBAL CREDIT & COLLECTION )<br>CORP )<br>& )<br>)<br>CAPITAL ONE SERVICES, LLC )<br>)<br>Defendants )<br>) | Case Number:<br><br>CIVIL COMPLAINT<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Roger Akers, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Roger Akers, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant, Global Credit & Collection, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and against both Defendants for Breach of Contract and violations of the Ohio Consumer Sales Practices Act.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Defendant, Global, maintains a primary location in this District.

## III. PARTIES

4. Plaintiff, Roger Akers, is an adult natural person residing in Orrville, Ohio. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Global Credit & Collection Corp, ("Defendant, Global Credit"), at all times relevant hereto, is a corporation engaged in the business of collecting debt within the State of New York and the State of Ohio, with a primary address located at 300 International Drive, Suite 100, Williamsville, NY 14221.

6. Defendant, Capital One Services, LLC, ("Defendant, Capital One") at all times relevant hereto, is and was a corporation in the business of providing financial services nationwide, as well as collecting and reporting on debt incurred by those services, including but not limited to, the State of Ohio and the Commonwealth of Virginia, with a principal place of business located at 1680 Capital One Dr., Mc Lean, VA 22102.

7. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendant, Global Credit, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

8. On or about April 12, 2011, Plaintiff along with help from his personal legal counsel entered into a settlement arrangement with Defendant, Global, for a debt allegedly owed to Defendant, Capital One. **See "EXHIBIT A" (settlement letter) attached hereto**.

9. Plaintiff had an original total balance of $21,495.08.

10. Plaintiff was offered the opportunity to settle the account for $8,598.03.

11. Plaintiff agreed to make an initial payment of $1,500.00 to Defendant, Global, on or before April 15, 2011, followed by fifty-three (53) monthly; payments of $132.00 before the last day of each month beginning in may, 2011.

12. On or about April 13, 2011, Plaintiff assisted by his attorney issued the first payment to Defendant, Global, via check by phone.

13. On or about April 15, 2011, Defendant, Global, accepted and processed this payment.

14. Defendant did not return this payment.

15. On or about May 13, 2011, Plaintiff sent his second payment to Defendant Global as agreed.

16. Defendant, Global, accepted and did not return this payment.

17. On or about June 13, 2011, Plaintiff sent third payment to Defendant, Global as agreed.

18. Defendant, Global, accepted and did not return this payment.

19. On or about July 13, 2011, Plaintiff sent the next monthly payment.

20. On or about July 26, 2011, Defendant, Global, returned this payment along with a letter stating that Plaintiff's account had been returned to Defendant, Capital One. See **"EXHIBIT B" (check & letter) attached hereto**.

21. Defendant, Global's, letter did not state why the account was returned.

22. Defendant, Global's, letter did not mention honoring the settlement arrangement that was in place.

23. Plaintiff was encouraged to contact Defendant, Capital One, and make new payment arrangements.

24. Shortly following, Defendant, Capital One, started to call the Plaintiff at home again trying to settle this same account.

25. Plaintiff asked Defendant, Capital One, to please call and speak with his legal counsel on this matter.

26. Defendant, Capital One, acknowledged that they knew of Plaintiff's attorney, but still continued to call the Plaintiff.

27. In or about September, 2011, Plaintiff's legal counsel called Defendant, Capital One, to find out why the account was recalled in the middle of a payment arrangement.

28. Defendant, Capital One, informed Plaintiff's attorney that without a Power of Attorney (POA) on file they would not discuss this matter with them.

29. Defendant, Global, at no time mentioned the need for a Power of Attorney (POA) before offering and entering this settlement arrangement on behalf of Defendant, Capital One.

30. Defendant, Global Credit and Defendant, Capital One, have failed to honor the settlement agreement that was promised and in place between themselves, and the Plaintiff.

31. This breach is at no fault of the Plaintiff, who was making payments as agreed upon.

32. The Defendants, Global Credit, and Capital One, both acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

33. The Defendant, Global Credit, knew or should have known that their actions violated the FDCPA. Additionally, Defendant, Global Credit, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

34. At all times pertinent hereto, Defendant, Global Credit, was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant, Global Credit, herein.

35. At all times pertinent hereto, the conduct of Defendants, Global Credit and Capital One, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

36. As a result of Defendants, Global Credit and Capital One's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

### Plaintiff v. Global Credit

37. The above paragraphs are hereby incorporated herein by reference.

38. At all times relevant hereto, Defendant, Global Credit, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

39. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Global Credit, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II -BREACH OF CONTRACT

### Plaintiff v. Global Credit and Capital One

40. The above paragraphs are hereby incorporated herein by reference.

41. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants, Global Credit and Capital One, promised to the Plaintiff the opportunity to participate in an agreed upon settlement. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

42. Plaintiff fulfilled his contractual obligation by making payment timely.

43. Defendants, Global Credit and Capital One, failed to abide by the contract terms.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Global Credit and Capital One, for the following:

a. Actual damages;

b. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

c. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III
### (Violations of the Ohio Consumer Sales Practices Act ("OCSPA"))
### (O.R.C. § 1345.01, *et seq.*)
### (Plaintiff v. Global Credit and Capital One)

44. The above paragraphs are hereby incorporated herein by reference.

45. Plaintiff is a "Consumer" as defined by O.R.C. § 1345.01(D).

46. Defendants are "suppliers" as defined by O.R.C. § 1345.01(C).

47. At all times relevant, Defendants were engaged in "consumer transactions" as "suppliers" as defined by O.R.C. § 1345.01(A).

48. O.R.C. § 1345.02 prohibits "suppliers" from using unfair or deceptive practices.

49.  O.R.C. § 1345.03 prohibits "suppliers" from using unconscionable consumer sales acts or practices.

50.  Numerous Ohio Courts have held that a violation of the FDCPA is also a violation of the OCSPA.

51.  Defendants debt collection actions as more fully described in the preceding paragraphs violate the OCSPA.

52.  Defendants acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendants are subject to punitive damages.

53.  Defendants acts and omissions, when a duty to act was owed, constitute numerous and multiple violations of the OCSPA, including every one of the above citied provisions and as such Plaintiff is entitled to damages.

## V.  JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: December 14, 2011

BY: _____
Bruce K. Warren, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff
bkw@w-vlaw.com